1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  IRMA O. L.,                      )      NO. CV 19-3115-E
                                     )
12              Plaintiff,           )
                                     )
13      v.                           )      **MEMORANDUM OPINION**
                                     )
14  ANDREW SAUL, Commissioner of     )      **AND ORDER OF REMAND**
    Social Security,                 )
15                                   )
                Defendant.           )
16  _____)

17

18      Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

19  HEREBY ORDERED that this matter is remanded for further administrative

20  action consistent with this Opinion.

21

22                          **PROCEEDINGS**

23

24      Plaintiff filed a complaint on April 22, 2019, seeking review of

25  the Commissioner's denial of benefits.  The parties consented to

26  proceed before a United States Magistrate Judge on May 28, 2019.

27  The parties filed a Joint Stipulation on February 20, 2020.  Following

28  the retirement of Magistrate Judge Mumm, the case was transferred to

Magistrate Judge Eick on April 29, 2020.  The Court has taken the matter under submission without oral argument.  <u>See</u> L.R. 7-15; "Case Management Order," filed April 29, 2019.

## BACKGROUND

Plaintiff, a former cafeteria helper, alleges disability based primarily on orthopedic impairments (Administrative Record ("A.R.") 74, 86-87, 90-96, 237, 244, 285, 298-300).  Plaintiff claims to suffer from knee and back pain of disabling severity despite pain management treatment that has included narcotic pain medication (Tramadol) and pain injections (A.R. 26, 74, 86-87, 90-96, 266, 298-300, 634, 643, 724, 725, 753, 770, 788, 1042-50, 1062, 1088-94).

The Administrative Law Judge ("ALJ") found Plaintiff has several "severe" orthopedic impairments, including left knee osteoarthritis and degenerative disc disease of the spine (A.R. 22).  However, the ALJ discounted the claimed severity of Plaintiff's pain and functional limitations in deeming Plaintiff not disabled (A.R. 22-27).  The Appeals Council denied review (A.R. 1-3).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  <u>See</u> <u>Carmickle v. Commissioner</u>, 533 F.3d 1155, 1159 (9th Cir. 2008); <u>Hoopai v. Astrue</u>,

1  499 F.3d 1071, 1074 (9th Cir. 2007); <u>see also</u> <u>Brewes v. Commissioner</u>,
2  682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such
3  relevant evidence as a reasonable mind might accept as adequate to
4  support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401
5  (1971) (citation and quotations omitted); <u>see also</u> <u>Widmark v.</u>
6  <u>Barnhart</u>, 454 F.3d 1063, 1066 (9th Cir. 2006).

7

8          If the evidence can support either outcome, the court may
9          not substitute its judgment for that of the ALJ.  But the
10         Commissioner's decision cannot be affirmed simply by
11         isolating a specific quantum of supporting evidence.
12         Rather, a court must consider the record as a whole,
13         weighing both evidence that supports and evidence that
14         detracts from the [administrative] conclusion.

15

16 <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and
17 quotations omitted).

18

19                           **DISCUSSION**

20

21      After consideration of the record as a whole, the Court reverses
22 the Administration's decision in part and remands the matter for
23 further administrative proceedings.

24

25      Where, as here, an ALJ finds that a claimant's medically
26 determinable impairments reasonably could be expected to cause some
27 degree of the alleged symptoms of which the claimant subjectively
28 complains, any discounting of the claimant's complaints must be

supported by "specific, cogent" findings.  <u>See</u> <u>Berry v. Astrue</u>, 622

F.3d 1228, 1234 (9th Cir. 2010); <u>Lester v. Chater</u>, 81 F.3d 821, 834

(9th Cir. 1995); <u>but see</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1282-84 (9th

Cir. 1996) (indicating that ALJ must state "specific, clear and

convincing" reasons to reject a claimant's testimony where there is no

evidence of malingering).[1]  Generalized, conclusory findings do not

suffice.  <u>See</u> <u>Moisa v. Barnhart</u>, 367 F.3d 882, 885 (9th Cir. 2004)

(the ALJ's credibility findings "must be sufficiently specific to

allow a reviewing court to conclude the ALJ rejected the claimant's

testimony on permissible grounds and did not arbitrarily discredit the

claimant's testimony") (internal citations and quotations omitted);

<u>Holohan v. Massanari</u>, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ

must "specifically identify the testimony [the ALJ] finds not to be

credible and must explain what evidence undermines the testimony");

<u>Smolen v. Chater</u>, 80 F.3d at 1284 ("The ALJ must state specifically

which symptom testimony is not credible and what facts in the record

lead to that conclusion."); <u>see also</u> Social Security Ruling ("SSR")

96-7p (explaining how to assess a claimant's credibility), <u>superseded</u>,

///

---

[1]     In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard.  <u>See, e.g.</u>, <u>Leon v. Berryhill</u>, 880 F.3d 1041, 1046 (9th Cir. 2017); <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 488-89 (9th Cir. 2015); <u>Burrell v. Colvin</u>, 775 F.3d 1133, 1136-37 (9th Cir. 2014); <u>Treichler v. Commissioner</u>, 775 F.3d 1090, 1102 (9th Cir. 2014); <u>Ghanim v. Colvin</u>, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); <u>Garrison v. Colvin</u>, 759 F.3d 995, 1014-15 & n.18 (9th Cir. 2014); <u>see also</u> <u>Ballard v. Apfel</u>, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases).  In the present case, the ALJ's findings are insufficient under either standard, so the distinction between the two standards (if any) is academic.

1 | SSR 16-3p (eff. March 28, 2016).[2]

2

3 | In the present case, the ALJ stated only two specific reasons for
4 | discounting Plaintiff's subjective complaints of pain and functional
5 | limitations: (1) the objective medical evidence ("there does not
6 | appear to be sufficient clinical signs and laboratory findings to
7 | objectively support those subjective limitations"; and (2) the
8 | assertedly "conservative" nature of the treatment Plaintiff has
9 | received for her pain ("the claimant's seeming acceptance of only
10 | conservative treatment after June 2014 [when Plaintiff underwent knee
11 | surgery], serves to undermine the extent and persistence of her
12 | subjective pain symptoms and limitations as alleged") (A.R. 27).  As
13 | demonstrated below, these stated reasons are legally insufficient
14 | under the circumstances of this case.

15

16 | With regard to the first stated reason, inconsistencies between a
17 | claimant's subjective complaints and the objective medical evidence
18 | can be a factor in discounting a claimant's subjective complaints, but
19 | cannot "form the sole basis."  See Burch v. Barnhart, 400 F.3d 676,
20 | 681 (9th Cir. 2005); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir.
21 | 2001).  Therefore, the validity of the ALJ's discounting of
22 | Plaintiff's complaints stands or falls with the second stated reason,

23

24 | [2]   SSRs are binding on the Administration.  See Terry v.
Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).  The
25 | appropriate analysis under the superseding SSR is substantially
the same as the analysis under the superseded SSR.  See R.P. v.
26 | Colvin, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016)
(stating that SSR 16-3p "implemented a change in diction rather
27 | than substance") (citations omitted); see also Trevizo v.
Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (suggesting that
28 | SSR 16-3p "makes clear what our precedent already required").

1  the assertedly "conservative" nature of the treatment Plaintiff has

2  received.

3

4      A limited course of treatment sometimes can justify the

5  discounting of a claimant's subjective complaints, at least where the

6  complaints concern physical problems.  See, e.g., Burch v. Barnhart,

7  400 F.3d at 681 (lack of consistent treatment, such as where there was

8  a three to four month gap in treatment, properly considered in

9  discrediting claimant's back pain testimony); Meanel v. Apfel, 172

10  F.3d 1111, 1114 (9th Cir. 1999) (in assessing the credibility of a

11  claimant's pain testimony, the Administration properly may consider

12  the claimant's failure to request treatment and failure to follow

13  treatment advice) (citing Bunnell v. Sullivan, 947 F.2d 341, 346 (9th

14  Cir. 1991) (en banc)); Matthews v. Shalala, 10 F.3d 678, 679-80 (9th

15  Cir. 1993) (permissible credibility factors in assessing pain

16  testimony include limited treatment and minimal use of medications);

17  see also Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995)

18  (absence of treatment for back pain during half of the alleged

19  disability period, and evidence of only "conservative treatment" when

20  the claimant finally sought treatment, sufficient to discount

21  claimant's testimony).

22

23      In the present case, however, it is doubtful Plaintiff's

24  treatment with narcotic pain medication and pain injections over an

25  extended period of time properly may be characterized as

26  "conservative" within the meaning of Ninth Circuit jurisprudence.

27  See, e.g., Garrison v. Colvin, 759 F.3d 995, 1015 n.20 (9th Cir. 2014)

28  ("we doubt that epidural steroid shots to the neck and lower back

qualify as "conservative' medical treatment"); <u>Shepard v. Colvin</u>, 2015
WL 9490094, at *7 (E.D. Cal. Dec. 30, 2015) ("[p]rior cases in the
Ninth Circuit have found that treatment was conservative when the
claimant's pain was adequately treated with over-the-counter
medication and other minimal treatment," however where record
reflected heavy reliance on Tramadol and Oxycodone and other
prescriptions for pain, record did not support finding that treatment
was "conservative") (internal citations omitted; citing for comparison
<u>Lapeirre-Gutt v. Astrue</u>, 382 Fed. App'x. 662, 664 (9th Cir. 2010)
(doubting whether "copious amounts of narcotic pain medication" as
well as nerve blocks and trigger point injections constituted
"conservative" treatment)); <u>Aguilar v. Colvin</u>, 2014 WL 3557308, at *8
(C.D. Cal. July 18, 2014) ("It would be difficult to fault Plaintiff
for overly conservative treatment when he has been prescribed strong
narcotic pain medications"); <u>Christie v. Astrue</u>, 2011 WL 4368189, at
*4 (C.D. Cal. Sept. 16, 2011) (refusing to characterize as
"conservative" treatment that included narcotic pain medication and
epidural injections); <u>Eicholtz v. Astrue</u>, 2008 WL 4642976, at *3 (C.D.
Cal. Oct. 20, 2008) (court acknowledged the precept that "[a]n ALJ may
discount a claimant's testimony based on conservative treatment," but
appeared to deem this precept inapplicable because the claimant took
Tramadol).

        Furthermore, the ALJ appears to have inferred that, if
Plaintiff's pain truly were as intense as she claims, she would have
received more aggressive treatment (such as surgery) and that such
treatment would have been effective in reducing pain and restoring
function.  The ALJ was not competent to make the medical judgments

underlying these apparent inferences.  See Balsamo v. Chater, 142 F.3d
75, 81 (2d Cir. 1998); see also Rohan v. Chater, 98 F.3d 966, 970 (7th
Cir. 1996) ("ALJs must not succumb to the temptation to play doctor
and make their own independent medical findings"); Day v. Weinberger,
522 F.2d 1154, 1156 (9th Cir. 1975) (an ALJ is forbidden from making
his or her own medical assessment beyond that demonstrated by the
record).  No substantial evidence supports the ALJ's lay inferences on
these medical matters.  To the contrary, Plaintiff's pain management
specialist reportedly believes that surgery would not help Plaintiff
(A.R. 87-88).

    The Court is unable to conclude that the ALJ's failure to state
legally sufficient reasons for discounting Plaintiff's subjective
complaints was harmless.  See Molina v. Astrue, 674 F.3d 1104, 1115
(9th Cir. 2012) (an error "is harmless where it is inconsequential to
the ultimate non-disability determination") (citations and quotations
omitted); McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (error
not harmless where "the reviewing court can determine from the
'circumstances of the case' that further administrative review is
needed to determine whether there was prejudice from the error").

    Contrary to Plaintiff's argument, a remand for further
administrative proceedings, rather than an order for the immediate
calculation of benefits, is the appropriate remedy in this case.  See
McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura, 537 U.S.
12, 16 (2002) (upon reversal of an administrative determination, the
proper course is remand for additional agency investigation or
explanation, except in rare circumstances); Leon v. Berryhill, 880

F.3d 1041, 1044 (9th Cir. 2017) (reversal with a directive for the immediate calculation of benefits is a "rare and prophylactic exception to the well-established ordinary remand rule"); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record"); Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) ("Connett") (remand is an option where the ALJ fails to state sufficient reasons for rejecting a claimant's excess symptom testimony); but see Orn v. Astrue, 495 F.3d 625, 640 (9th Cir. 2007) (citing Connett for the proposition that "[w]hen an ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony, we remand for a calculation of benefits") (quotations omitted); see also Brown-Hunter v. Colvin, 806 F.3d 487, 495-96 (9th Cir. 2015) (discussing the narrow circumstances in which a court will order a benefits calculation rather than further proceedings); Ghanim v. Colvin, 763 F.3d 1154, 1166 (9th Cir. 2014) (remanding for further proceedings where the ALJ failed to state sufficient reasons for deeming a claimant's testimony not credible); Vasquez v. Astrue, 572 F.3d 586, 600-01 (9th Cir. 2009) (a court need not "credit as true"

improperly rejected claimant testimony where there are outstanding issues that must be resolved before a proper disability determination can be made).  There remain significant unanswered questions in the present record.  Furthermore, an order for the immediate calculation of benefits is improper where, as here, "evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." Garrison v. Colvin, 759 F.3d at 1021.

**CONCLUSION**

     For all of the foregoing reasons, this matter is remanded for further administrative action consistent with this Opinion.

     LET JUDGMENT BE ENTERED ACCORDINGLY.

          DATED: May 6, 2020.


                              /s/
                         _____
                         CHARLES F. EICK
                         UNITED STATES MAGISTRATE JUDGE